■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY MARINELLI, Respondent. — Appeal by the People, as limited by their brief, from so much of an order of the County Court, Westchester County (Martin, J.), entered September 27, 1983, as, upon renewal and reargument, adhered to its original determination to grant that branch of defendant's pretrial motion as sought suppression of physical evidence seized upon execution of a search warrant issued October 14, 1982. ¶ Order reversed, insofar as appealed from, that branch of defendant's pretrial motion as sought suppression of physical evidence seized upon execution of a search warrant issued October 14, 1982 denied, and matter remitted to the County Court, Westchester County, for further proceedings on the indictment. ¶ In the first five counts of a 20-count indictment, filed April 22, 1983, defendant was charged with criminal possession of stolen property in the first degree, criminal possession of stolen

property in the second degree, and three counts of criminal possession of stolen property in the third degree. As set forth in the People's bill of particulars, some of the property had been stolen from two named victims and was seized by the police upon execution of a search warrant at defendant's residence. The search warrant had been issued on October 14, 1982, after a Judge of the Justice Court of the Town of Cortlandt was presented with the application of Investigator Anthony Cavallo, in the form of a sworn affidavit. The following facts were set forth in the application in support of Cavallo's assertion of the existence of reasonable cause to believe that stolen property could be found in defendant's residence: ¶ "a) That on 6/11/82 at 4:20 P.M. [the first named victim] reported to the New York State Police the theft that day of his wallet & its contents from the glove compartment of his truck parked near his home; and ¶ "b) That on 10/4/82 at 8:06 A.M. [the second named victim] reported to the Rye Police the theft that day of his wallet, its contents, and a Kenwood Cassette Player, ID No. 20301090 with a Clarion Equalizer from his vehicle parked near his home; and ¶ "c) That on 10/11/82 at about 3:00 P.M. [a named informant] retreived [sic] two trash bags from the street side property of the Marinelli Family on Buena Vista Drive in the Town of Cortlandt and did examine the contents thereof and locate therein articles consistant [sic] with items reported stolen by both [named victims] above; and ¶ "d) That on 10/12/82 at about noon [the named informant] surrendered [sic] to your deponent such articles identifiable as the property of [the two named victims] as documents with their names and other identifiers thereon; and ¶ "e) That on 10/12/82 contacted [sic] was made with both [the two named victims] by your deponent and each provided affirmation that the articles described respectively were their own and stolen from them as described and that further property as described in paragraph No. 2 herein remains outstanding. ¶ "The source of my information supplied in sub paragraph a thru e above is based as described in sub paragraphs similiarly [sic] marked below; ¶ "a) Personal contact with [the first named victim], his deposition, and New York State Police Blotter Entry Number 4826 dated 6/11/82; and ¶ "b) Telephone contact with [the second named victim] at his business in Rye, N.Y. and with Rye Police detective, William Capassio who confirmed the report of theft and the description of the articles reported stolen by [the victim] in Rye, New York; and ¶ "c) Personal contact with [the named informant] and his deposition; and ¶ "d) Personal knowledge; and ¶ "e) As in a and b directly above". Cavallo further stated that additional grounds existed to establish probable cause, namely, his personal knowledge of defendant's prior criminal record, that defendant was personally "known to your deponent as having been arrested and charged with burglary and matters of dealing with stolen property and [had] been convicted as a result thereof and sentenced to serve time in Prison in the State of New York". ¶ By order dated August 16, 1983, the Westchester County Court, inter alia, granted that branch of defendant's motion which sought to suppress the property seized upon execution of the search warrant and all fruits derived therefrom (the "fruits" included statements made by defendant during the search). The County Court found that the affidavit of Cavallo was bereft of any support for the claim that there was probable cause to believe that any property stolen from "the two named victims" would be found in the premises authorized to be searched, and moreover, that there was no showing that the named informant's deposition had been submitted to the magistrate (nor had it been submitted to the County Court) and that there was nothing contained in the "moving papers" to establish the informant's reliability. ¶ By order to show cause the People sought leave to reargue, inter alia, that portion of the County Court's determination controverting the warrant, urging the court, inter alia, to re-evaluate the finding that the informant's

reliability had not been established, in view of that fact that the issuing magistrate had considered his deposition and made it a part of the court file. The People also asked for reconsideration of the finding that probable cause was lacking. ¶ By order entered September 27, 1983 the County Court, Westchester County (Martin, J.), granted the People's motion for renewal and reargument, and upon renewal and reargument found that the evidence submitted to the magistrate, including the deposition of the informant, was insufficient to give rise to probable cause for issuance of the search warrant. The County Court further found that, upon the papers submitted on the People's motion, it was not possible to resolve the issues of the admissibility of defendant's statements or of evidence seized as a result of the execution of two subsequent search warrants issued on the basis of defendant's statements, nor of the evidence found by the informant in defendant's garbage, and that a hearing was necessary to determine those issues. ¶ The People appeal, as limited by their brief, from so much of the order as suppressed the evidence seized from defendant's residence, upon the execution of the search warrant issued on October 14, 1982. ¶ We reverse the order, insofar as appealed from. ¶ The informant's reliability and the credibility of the information furnished had been sufficiently demonstrated to the magistrate. The informant's deposition was a "sworn statement of an identified member of the community" (*People v Hicks,* 38 NY2d 90, 92; see, also, *People v Cantre,* 95 AD2d 522) containing facts which were based on his personal knowledge and observation. That his statements were made under oath was an "adequate safeguard * * * against the rendition of false information" (*People v Hicks, supra,* p 94). Further, the affidavit "contained a warning that the giving of a false statement constituted a violation of the Penal Law. (Penal Law, § 210.45)" (*People v Hicks, supra,* p 94.) The reliability of the information furnished is further supported by the fact that Cavallo conducted an independent investigation, and verified that the items found by the informant had been stolen from the victims (see, e.g., *People v Hanlon,* 36 NY2d 549, 556; *Spinelli v United States,* 393 US 410). Cavallo's personal knowledge of defendant's criminal reputation, though not sufficient in itself, was corroborative of the reliability of the informant's information (*United States v Harris,* 403 US 573, 583). ¶ The facts and circumstances known to the issuing magistrate derived from a "reasonably trustworthy source" (see *People v Hicks, supra,* p 92), were sufficient to support the determination that probable cause existed to believe that stolen property could be found in defendant's residence. It was error for the County Court to overturn the magistrate's finding. "[A]ffidavits for search warrants * * * must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion * * * A grudging or negative attitude by reviewing courts towards warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting" (*United States v Ventresca,* 380 US 102, 108). The magistrate need not find that the application demonstrated guilt beyond a reasonable doubt or proved with absolute certainty that stolen property will be located in the premises (see *Illinois v Gates,* 462 US __, 103 S Ct 2317, 2336; *Brinegar v United States,* 338 US 160). Rather, the quantum of proof necessary to support the issuance of a warrant must provide a " 'substantial basis' " (*Illinois v Gates, supra,* p __, p 2332, quoting from *Jones v United States,* 362 US 257, 271) upon which the magistrate could have reasonably concluded, in the "clear light of everyday experience" (*People v Hanlon,* 36 NY2d 549, 559, *supra*), that stolen property would be found in the areas sought to be searched. There was indeed a substantial basis for the magistrate's belief that property which had been stolen at the same time as the items found in defendant's trash would probably be found in the residence from which the garbage was disposed. Thus, the County Court erred in finding that

probable cause had not been demonstrated. ¶ We note that the search warrant was challenged on the ground that it permitted the search of two automobiles of the defendant. Inasmuch as no automobiles were searched, defendant was not prejudiced thereby. ¶ In addition, we note parenthetically that at the hearings ordered by the County Court on those branches of defendant's pretrial motion which sought to suppress items seized from the homes of other individuals, there may be an issue as to this defendant's standing to challenge the admissibility of those items. Mollen, P. J., Gibbons, Thompson and Rubin, JJ., concur.