■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINDA LENTINI, Appellant.—Appeals by the defendant from two judgments of the Supreme Court, Queens County (Browne, J.), both rendered January 6, 1984, convicting her of sexual abuse in the first degree (one count under indictment No. 3770/82 and one count under indictment No. 3907/83), upon her pleas of guilty, and imposing sentences. The appeals bring up for review, *inter alia*, the denial, after a hearing (Leahy, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Judgments affirmed.

The hearing court did not err in denying the defendant's motion to suppress certain physical evidence on the ground that a search warrant should not have been issued. The court that signed the warrant was presented with an affidavit of a

police officer based upon evidence provided by a 15-year-old girl and a 16-year-old girl, one of whom was raped, and the other of whom was sexually abused at gunpoint. The information was provided by two identifiable victims of a crime with actual knowledge of the events and was, therefore, clearly reliable (see, People v Hicks, 38 NY2d 90; People v Cantre, 95 AD2d 522, affd 65 NY2d 790; People v Marinelli, 100 AD2d 597).

Furthermore, prior to accepting the defendant's pleas, she was advised of her constitutional rights, and she knowingly and intelligently waived the same. Thus, the plea was properly accepted (see, People v Harris, 61 NY2d 9). Lastly, the sentence imposed upon the defendant was well within the bounds of both the applicable sentencing statute and the court's sound discretion (see, People v Suitte, 90 AD2d 80). Gibbons, J. P., Thompson, Niehoff and Rubin, JJ., concur.