■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALMA GIANNINI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered February 16, 1982, convicting her of conspiracy in

the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence seized from her home by the police.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the warrant authorizing a search of her residence was not supported by probable cause. The record reveals that the warrant was obtained after the police submitted an affidavit from a participant in the crime who also spoke with the issuing Magistrate and whose account of the crime was based on personal knowledge and was independently verified by police investigation. As such, the uncontroverted evidence adduced at the *Mapp* hearing clearly supports the court's conclusion that probable cause existed for the issuance of the warrant *(see, People v Bartolomeo,* 53 NY2d 225; *People v Hanlon,* 36 NY2d 549; *People v Lentini,* 120 AD2d 548, *lv denied* 67 NY2d 1054; *People v Marinelli,* 100 AD2d 597).

Similarly unpersuasive is the defendant's contention that she was denied a fair trial by the court's *Sandoval* ruling. The court conducted the requisite balancing of probative value and prejudicial effect in resolving the *Sandoval* issue *(see, People v Williams,* 56 NY2d 236), and we discern no abuse of discretion in its ruling *(see, e.g., People v Pavao,* 59 NY2d 282; *People v Scott,* 118 AD2d 881, *lv denied* 67 NY2d 1056). Additionally, we note that the trial court correctly treated the issue of whether a prosecution witness was an accomplice as a factual question for the jury's determination. The court's refusal to charge the jury with respect to accessorial liability was likewise proper since the issue involved here was conspiracy rather than imputed criminal liability for acting in concert.

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Lawrence, Weinstein and Rubin, JJ., concur.