■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR HILTON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered July 6, 1990, convicting him of robbery in the first degree (two counts) and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At a joint Wade hearing on May 22, 1990, the defendant's codefendant moved to dismiss the indictment on speedy trial grounds. The defendant also made a speedy trial motion, although the exact date of that motion is unclear from the record, and the court scheduled arguments on the defendant's and the codefendant's motions for May 24 and May 25, 1990, respectively. Jury selection commenced on May 22, 1990, and was completed by May 23, 1990. The court denied the defendant's speedy trial motion on May 24, 1990, after oral argument. However, the court granted the codefendant's motion and the indictment was dismissed as to him. On May 29, 1990, before the jury was sworn, the defendant contended that the jury was unacceptable to him because he had shared peremptory challenges with the codefendant (see, CPL 270.25 [3]). He contended that there were "certain jurors" who would not have been selected if he had been acting on his own. The court denied his application to select a new jury.

The defendant failed to timely object to the codefendant's participation in jury selection, or contend that jury selection resulted in a jury which was unsatisfactory to him. By failing to register any objection on the record, the defendant acquiesced in the court's decision to commence jury selection while the codefendant's speedy trial motion was pending. Moreover, the defendant did not inform the trial court of any disagreement with his codefendant regarding the exercise of their peremptory challenges, so that ameliorative steps could have been taken at that time to avoid any prejudice to the defendant in the event the case against the codefendant was

dismissed (cf., People v Foster, 100 AD2d 200, 205-206, mod on other grounds 64 NY2d 1144, cert denied 474 US 857). Although the minutes of the voir dire were not transcribed for this Court's review, the trial court noted on the record that it had not been alerted to any problem between the defendant and codefendant during jury selection. The defendant did not contradict the court's observation but instead asked "what would the court have done if we were to disagree to certain jurors?" In response, the court indicated that any problems with an individual juror would have been dealt with at the time and further stated that "[I]f you both don't agree on a juror then that juror cannot be selected. But you both agreed". Under the circumstances, the defendant waived his claim that he was tried by a jury which was not of his own choosing (see, People v Udzinski, 146 AD2d 245; CPL 470.05).

In any event, we agree with the trial court that the defendant failed to establish that he was prejudiced by the jury selection process. The defendant did not allege that there were any particular jurors who were chosen over his objection because his codefendant would not agree to exercise a peremptory challenge. Moreover, at the time of jury selection, there was no apparent conflict between the positions of the defendant and codefendant (see, e.g., Cole v State, 530 So 2d 983 [Fla] [the defendant's due process rights were not violated where the codefendant, who was later granted a severance, participated in jury selection, because there was no apparent conflict between the codefendants and the defendant did not object to his codefendant's participation]).

The defendant contends that his conviction of robbery in the first degree (two counts) should be reversed because there was insufficient evidence that the handgun he used during the robbery was a "loaded weapon" or a "dangerous instrument" within the meaning of the Penal Law (see, Penal Law § 10.00 [13]; § 160.15 [3], [4]). The defendant bases his claim on evidence that he removed the bullets from the gun before striking the complainant on the head. This issue is unpreserved for review since it was not raised with specificity in the trial court (see, People v Bynum, 70 NY2d 858). In any event, the contention is without merit. The robbery was already in progress when the defendant removed the bullets from the gun. His contention that there was insufficient evidence of a "forcible stealing" to support his conviction of robbery in the second degree is similarly unpreserved for review and, in any event, devoid of merit.

We find that the sentence imposed was not excessive (see,

*People v Suitte,* 90 AD2d 80). Bracken, J. P., Lawrence, O'Brien and Santucci, JJ., concur.