■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDY ROBERTS, Appellant. [626 NYS2d 757] —Judgment, Supreme Court, Bronx County (Fred W. Eggert, J.), rendered February 10, 1993, convicting defendant, after a jury trial, of attempted murder in the second degree and criminal use of a firearm in the first degree and sentencing him to concurrent terms of 7 to 21 years and 5 to 15 years, respectively, and judgment, same court and Justice, rendered February 10, 1993, convicting defendant, upon a plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him to 5 to 15 years, to run concurrently with the sentence previously imposed, unanimously reversed, on the law, and remanded for a new trial.

Defendant argues correctly that the trial court's refusal to permit his attorney to withdraw the peremptory challenge to juror number four, whom the prosecution did not challenge, violated his right to a jury of his choosing and was not harmless error *(see, People v McQuade,* 110 NY 284, 294), although defendant's similar claim as to juror number seven was waived when defendant rejected the prosecution's compromise offer as to that juror *(People v Hayes,* 191 AD2d 368, 370, *lv denied* 82 NY2d 719). The denial of defendant's application to withdraw the challenges was sufficient to preserve this issue for review (CPL 470.05 [2]).

CPL 270.15 (2) requires that the People exercise their peremptory challenges first and precludes them from challenging a prospective juror remaining in the jury box after defendant has exercised his peremptory challenges; however, a reciprocal requirement is not imposed upon defendant *(cf., People v Levy,* 194 AD2d 319, *appeal dismissed* 82 NY2d 890 [court allowed prosecutor to exercise a belated peremptory challenge due to subsequently discovered prejudice and then allowed defendant to exercise his challenges anew such that the parties were placed in the same position as if prosecutor had made a challenge for cause at the proper time]). The trial court's determination on this issue effectively allowed the prosecution to exclude a prospective juror for no other reason than the defendant wanted them on the jury, a result the statute was designed to prevent *(People v McQuade, supra).*

The record fails to support defendant's contention that the court committed reversible error by excluding him from side-bar conferences where individual jurors were questioned as to their ability to serve impartially and where jurors and alternates were selected, since his waiver of that right *(People v Mitchell,* 80 NY2d 519, 525; *People v Curry,* 209 AD2d 357, 358), allowed only after repeated consultation with court and counsel and with the instruction that he could withdraw his waiver if he wished, was knowing, intelligent and voluntary.

Inasmuch as we find reversible error in defendant's conviction after trial and vacate that judgment, the second conviction, on a plea of guilty, must also be vacated, since the trial court promised at sentencing that the sentence on the second conviction would run concurrently with that on the first *(People v Boston,* 75 NY2d 585, 589; *People v Fuggazzatto,* 62 NY2d 862). Concur—Rosenberger, J. P., Rubin, Ross, Nardelli and Williams, JJ.