■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LISK, Appellant. [629 NYS2d 99] —Crew III, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered February 24, 1994, convicting defendant upon his

plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

On December 9, 1992, Ulster County Sheriff's Deputy Russell Shelok arrested a confidential informant for criminal possession of cocaine. The informant advised Shelok that he had purchased the cocaine from defendant on December 2, 1992 at defendant's residence and, further, that he had made at least five other purchases of cocaine from defendant in the past two months and that on each occasion defendant had a supply of cocaine at the residence to consummate the sale. Based upon that information, Shelok prepared a search warrant application supported solely by his sworn affidavit, which set forth the aforesaid information, together with Shelok's assertion that defendant had been the target of other narcotic investigations in the past and had been previously arrested for possession of controlled substances.

Based upon Shelok's affidavit, a Town Justice signed a search warrant which was executed at defendant's residence on December 10, 1992, at which time Deputies seized, *inter alia*, 59.76 grams of cocaine. Defendant was thereafter indicted and charged with criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, criminal possession of marihuana in the second degree and criminally using drug paraphernalia in the second degree. Following a *Mapp/Huntley* hearing, County Court denied defendant's motion for suppression of the seized evidence as well as statements given by him to law enforcement personnel, and defendant pleaded guilty to criminal possession of a controlled substance in the second degree in satisfaction of the indictment.

Defendant contends on this appeal, *inter alia*, that County Court erred in declining to suppress the physical evidence and defendant's statements on the ground that the People did not establish the reliability of the informant or the reliability of the information supplied by him pursuant to the dictates of *Aguilar v Texas* (378 US 108). We disagree.

It is axiomatic that prior to the issuance of a search warrant, the issuing Magistrate, when evaluating hearsay information, must find "some minimum, reasonable showing that the informant was reliable and had a basis of knowledge" regarding the information imparted (*see, People v Griminger*, 71 NY2d 635, 639). Here, Shelok's affidavit satisfied both prongs of that test. With regard to the informant's reliability, it is clear that where, as here, the information provided is against the informant's penal interests, that prong of the test is satis-

fied (*see, People v Johnson*, 66 NY2d 398, 403). Additionally, while not sufficient, in and of itself, to support a probable cause determination, the fact that defendant previously had been arrested for possession of controlled substances and marihuana was corroborative of the informant's information and constituted an additional factor in establishing his reliability (*see, People v Hanlon*, 36 NY2d 549, 557; *People v Marinelli*, 100 AD2d 597, 599). It goes without saying that County Court properly found the informant had a basis of knowledge in that the information related by him to Shelok was based upon his own personal observations and involvement in the transactions (*see, People v Wheatman*, 29 NY2d 337, 345-346).

With regard to defendant's contention that the plea allocution was not legally sufficient, we note that defendant neither moved to withdraw his plea nor vacate the judgment of conviction and, accordingly, he has not preserved this issue for appellate review (*see, People v Lopez*, 71 NY2d 662).

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.