■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR QUINONES, Appellant. [635 NYS2d 5] —Judgment, Supreme Court, New York County (Richard Lowe, III, J.), rendered September 10, 1992, convicting the defendant, after a jury trial, of two counts each of robbery in the first degree and robbery in the second degree, and sentencing him to concurrent terms of 8 to 24 years on the first degree robbery counts and 4 to 12 years on the remaining counts, unanimously reversed, on the law, and the case remanded for a new trial.

The trial court committed reversible error during jury selection by refusing to allow defense counsel to withdraw a peremptory challenge (*People v Roberts*, 215 AD2d 148, *lv denied* 86 NY2d 783). During the voir dire, defense counsel made two peremptory challenges to prospective jurors, then immediately retracted one of them because he misunderstood the prosecutor's challenges. Although the record makes plain that defense counsel's application was not the result of an improper quest for strategic advantage, the prosecutor objected to withdrawal of the challenge, and the court dismissed the prospective juror. Thereafter, when defense counsel asked the court for an additional peremptory challenge, the Trial Judge stated, "[I would] not allow the People to recall a choice once they made a selection unless and until the defense agrees to it. I apply the same standard to the defense. I do not allow a redecision if it is not agreed to by the opposition." The defendant had exhausted his peremptory challenges before the completion of jury selection.

CPL 270.15 (2) expressly confers upon the District Attorney the obligation to make peremptory challenges before the defense does. The prosecution may not later challenge a juror who has been accepted by the defense. The strict order of jury selection has been viewed as a substantial right afforded to the

accused, not a mere technicality (*People v McQuade*, 110 NY 284, 292-293). By allowing the prosecution to block the instant application to withdraw an inchoate challenge, the defendant was deprived of a statutory right, and the prosecutor was given the advantage of challenging a juror found acceptable to the defendant for that reason alone (*see*, *People v Roberts, supra*; *People v McQuade, supra*). This is the result CPL 270.15 (2) was expressly drafted to prevent.

In light of our conclusion that the failure to allow withdrawal of this inchoate peremptory challenge constituted reversible error, we do not reach the additional points raised by the defendant. Concur—Rosenberger, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.