■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HURSEY, Appellant. [650 NYS2d 28] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered January 11, 1995, convicting him of manslaughter in the second degree, upon his plea of guilty, and assault in the second degree (two counts), and crim-

inal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that he was deprived of his statutory right to 20 peremptory challenges. Specifically, he argues that since he was charged with a class A felony and his codefendant was only charged with assault in the second degree, the court should have required the defendants to consult on 10 of the challenges, with the remaining 10 challenges being exercised solely by the defendant. We disagree. The law provides that codefendants be treated as a single defendant *(see,* CPL 270.25). There is no provision entitling a codefendant who commits a more serious crime to additional peremptory challenges. In any event, the defendant has failed to establish that he was prejudiced by the jury selection process. The court gave the defendants three additional peremptory challenges. The defendant does not allege that there were any particular jurors who were chosen over his objection because his codefendant would not agree to exercise a peremptory challenge. Moreover, at the time of jury selection, there was no conflict of interest between the codefendants, and no showing that they could not cooperate *(see, People v Hilton,* 187 AD2d 608).

The defendant's remaining contentions are without merit. Copertino, J. P., Santucci, Joy and Goldstein, JJ., concur.