■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK A. BINNS, Appellant. [749 NYS2d 615] —Kane, J. Appeal

from a judgment of the County Court of Broome County (Smith, J.), rendered November 12, 1999, upon a verdict convicting defendant of two counts of the crime of criminal possession of a controlled substance in the third degree.

On December 8, 1998, Johnson City police officers and other agencies executed a search warrant at an apartment at 136 Lester Avenue in the Village of Johnson City, Broome County, where they discovered defendant and four other individuals. The officers uncovered a quantity of cocaine which was found in different rooms of the apartment, including in a cigarette pack on the floor of the living room. Defendant, who was not a tenant of this apartment, was in the living room. Defendant was searched pursuant to the warrant and police uncovered a set of keys. When questioned by the police, defendant gave his name, but told the police that he lived in New York City. However, two occupants of the apartment told the police that defendant resided next door at 140 Lester Avenue, at which point several police officers took defendant's keys to 140 Lester Avenue, tested a key in the front door lock and found that it worked. The police did not enter the apartment but secured the premises and obtained a search warrant for that apartment. In the course of the search of defendant's apartment, police uncovered a quantity of cocaine, a digital scale and $2,020.

In March 1999, defendant was indicted on two counts of criminal possession of a controlled substance in the third degree. Following a pretrial suppression hearing, County Court suppressed the key and all references to it, holding that the key had been "illegally and impermissibly seized from the defendant." However, the court decided that evidence seized at 140 Lester Avenue during the search pursuant to the warrant was admissible because the warrant was supported by an independent source who provided probable cause that defendant resided at and stored cocaine there. Prior to the start of jury selection for defendant's first trial,* County Court reversed parts of its previous suppression rulings, and decided, inter alia, that although the police had illegally obtained the key, it would have been discovered upon a detailed search of defendant pursuant to his arrest and thus the key would be admissible under the "inevitable discovery rule." Upon the second trial, defendant was found guilty on all charges and sentenced to 6 to 12 years on each count. Defendant appeals.

Initially, we find that, to the extent that the police exercised dominion and control over the key after it was taken from de-

---

* The first trial resulted in a hung jury and a mistrial was declared on September 29, 1999.

fendant by taking it to the apartment at 140 Lester Street, inserting the key into the lock and unlocking the door to that apartment, there is merit to defendant's argument that the taking of the key by the police constitutes an illegal seizure. The People's argument to the contrary is, therefore, rejected. However, since the police only secured and did not search defendant's apartment until they had obtained a search warrant (*see People v Arnau*, 58 NY2d 27, 35, *cert denied* 468 US 1217; *but see People v Burr*, 70 NY2d 354, 360, *cert denied* 485 US 989), we reject defendant's argument that the evidence recovered therein must be suppressed as the "fruits of an illegal search." Rather, "where the evidence sought to be suppressed is the product of an independent source entirely free and distinct from proscribed police activity, it should be admissible and not subject to a per se rule of exclusion based solely on the unlawful conduct" (*People v Arnau, supra* at 35). In this case, the search warrant was obtained on the basis of information acquired from a reliable, confidential informant gathered prior to and independent of the entry. Furthermore, a review of the application for the warrant reveals that the confidential informant told the police, inter alia, that he had seen defendant "in possession of crack cocaine coming and going from 140 Lester Avenue." Thus, County Court properly determined that the search warrant was valid (*see Aguilar v Texas*, 378 US 108; *see also Spinelli v United States*, 393 US 410; *People v Lisk*, 216 AD2d 851, *lv denied* 87 NY2d 904).

We further find that County Court properly admitted all evidence recovered pursuant to the warrant. The Court of Appeals has held that if tainted evidence would have been discovered pursuant to routine police procedures, the inevitable discovery rule will "permit the use of secondary evidence, obtained as a result of information gleaned from or by other exploitation of" the illegally obtained evidence (*People v Turriago*, 90 NY2d 77, 86). The burden is on the People to show by a "very high degree of probability that the evidence in question would have been obtained independently of the tainted source" (*People v Payton*, 45 NY2d 300, 313, *revd on other grounds* 445 US 573; *see People v Stith*, 69 NY2d 313). Here, the police also had the information obtained from the confidential informant, which provided the probable cause for the issuance of the warrant for the search of defendant's apartment. Hence, the record supports a finding that the evidence found in defendant's apartment would inevitably have been discovered through a source that was independent of the initial taint.

We conclude, however, that County Court erred in deciding

that the illegally seized key was admissible as evidence. It is well recognized that the doctrine of inevitable discovery "applies only to secondary evidence, not to the very items uncovered in an illegal search" (*People v Vega*, 256 AD2d 730, 732, *lv denied* 93 NY2d 858; *see People v Turriago*, *supra* at 86). "[P]rimary evidence, i.e., the 'very evidence * * * obtained during or as the immediate consequence' of the illegal conduct, would still be subject to exclusion even if it would most likely have been discovered in the course of routine police procedures" (*People v Turriago*, *supra* at 86, quoting *People v Stith*, *supra* at 318).

Notwithstanding the constitutional error of admitting the illegally seized key in evidence, we find reversal is not required. "[A] constitutional error requires a reversal of a conviction and a new trial unless the error is harmless beyond a reasonable doubt, that is, 'there is no reasonable possibility that the error might have contributed to defendant's conviction'" (*People v Smith*, 97 NY2d 324, 330, quoting *People v Crimmins*, 36 NY2d 230, 237). Here, defendant's landlord identified defendant as the individual who had rented the subject apartment. The landlord testified that defendant indicated to him that he would be living alone and when defendant first leased the apartment, the landlord gave him a receipt for the rent and one key. Upon execution of the search warrant at 140 Lester Avenue, in addition to cocaine and drug paraphernalia, the police found a jacket containing over $2,000 in cash and a wallet containing a rent receipt from the landlord to defendant. Notwithstanding the connection of defendant to the apartment, defendant, upon his initial apprehension, denied living in the area and claimed that he was just visiting. In our opinion, the proof of defendant's guilt without reference to the key is overwhelming and the admission of the key therefore constituted harmless error beyond a reasonable doubt. "[T]here is no reasonable possibility that the [admission of the key] might have contributed to defendant's conviction because proof of defendant's guilt, without reference to the error, is overwhelming" (*People v Smith*, *supra* at 330).

Mercure, J.P., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

