■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLIN G. BRADLEY, Appellant. [873 NYS2d 763]—

---

Stein, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered September 12, 2006, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Following sales of crack cocaine to a confidential informant in the City of Binghamton, Broome County, the Binghamton Police Department applied for and obtained a search warrant from City Court authorizing a search of defendant's apartment. Upon executing the search warrant, the police discovered, among other things, a quantity of cocaine and a scale in defendant's apartment. A four-count indictment was subsequently handed up and, thereafter, defendant moved to suppress the evidence obtained from his apartment, arguing that the warrant was not supported by probable cause. County Court denied defendant's motion. Defendant then pleaded guilty to one count of criminal possession of a controlled substance in the third degree in satisfaction of the indictment and other charges outstanding against him and he was sentenced, as a second felony offender, to a prison term of 3½ years to be followed by three years of postrelease supervision. Contending that the search warrant issued by City Court was not supported by probable cause, defendant now appeals.

We affirm. The warrant application, together with an affidavit from the disclosed confidential informant, alleges sufficient activity to support a reasonable belief that contraband would be found at defendant's apartment (*see* CPL 690.40 [2]; *People v Pinchback*, 82 NY2d 857, 858 [1993]; *People v Lee*, 303 AD2d 839, 840 [2003], *lv denied* 100 NY2d 622 [2003]; *People v Middleton*, 283 AD2d 663, 665 [2001], *lv denied* 96 NY2d 922 [2001]). Thus, County Court properly denied defendant's motion to suppress the evidence obtained as a result of the search conducted pursuant to the warrant.

Cardona, P.J., Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.