■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH R. BLANCHARD, Appellant. [880 NYS2d 400]—

McCarthy, J. Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered November 30, 2006, upon a verdict convicting defendant of the crime of burglary in the second degree.

On the evening of May 6, 2005, defendant and seven other men went to a particular Cortland County residence in search of the homeowner's son. The homeowner indicated that his son did not live there anymore and a scuffle broke out. The homeowner, however, was able to retreat back into his house. The front door was then smashed open with a wooden maul and the homeowner was assaulted inside by numerous members of this gang. For his role in the incident, defendant was indicted on one count of burglary in the second degree and found guilty

as charged following a jury trial. He was sentenced, as a second felony offender, to six years in prison and five years of post-release supervision. On appeal, he argues that he received ineffective assistance of counsel and that his sentence was harsh and excessive. Unpersuaded with both claims, we affirm.

Defendant argues that numerous errors of his trial counsel, when considered cumulatively, deprived him of effective representation. Our review of the record reveals that trial counsel made appropriate pretrial motions, properly challenged the testimony of witnesses during cross-examination and pursued a cogent defense strategy throughout the case, which included the presentation of expert evidence in an attempt to demonstrate that defendant was incapable of forming the requisite intent to commit the charged crime because of his drug and alcohol intake prior to it.

Moreover, certain of the alleged errors are legally unsupportable, including the claims that trial counsel erred in failing to object to the People's opening statement and erred in failing to object "when [defendant's written statement to police] was offered into evidence." The facts set forth by the prosecutor during her opening statement sufficiently apprised the jury of the prospective evidence to be offered against defendant to establish the crime of burglary in the second degree (*see People v Kurtz*, 51 NY2d 380, 384 [1980], *cert denied* 451 US 911 [1981]); thus, any objection to the opening statement or a motion to dismiss the indictment would have been baseless (*see generally People v Caban*, 5 NY3d 143, 152 [2005]). With respect to defendant's written statement to police, trial counsel did in fact move to suppress it but the motion was denied following a *Huntley* hearing. We find no error in opting not to voice a renewed objection, which clearly would have been denied (*see People v Caban*, 5 NY3d at 152), in the presence of the jury. Moreover, the contents of his statement actually promoted the defense theory of the case that defendant, under the influence of many different drugs at the time of the crime, did not remember much of what occurred and did not have the requisite intent to commit it.

As to other alleged errors, including the failure to request that criminal trespass be charged as a lesser included offense, defendant has failed to demonstrate the absence of a strategic or other legitimate explanation for same (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Consequently, on this record and viewing the law and the totality of the circumstances, we find that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

Next, given defendant's failure to take responsibility for his actions and lengthy criminal history, which includes eight convictions in 10 years and theft-related crimes, we find neither an abuse of discretion nor the existence of extraordinary circumstances warranting a reduction of his sentence, which was well below the maximum, in the interest of justice (*see e.g. People v Barringer*, 54 AD3d 442, 444 [2008], *lv denied* 11 NY3d 830 [2008]; *People v Carter*, 40 AD3d 1211, 1213 [2007], *lv denied* 9 NY3d 864 [2007]).

Mercure, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.