■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL MOLANO, Appellant. [894 NYS2d 589]—

---

Mercure, J.P. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered June 20, 2007, upon a verdict convicting defendant of the crimes of assault in the first degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

The underlying facts of this matter are also set out in a decision of this Court addressing the appeal of codefendant Dwayne Ham (*People v Ham*, 67 AD3d 1038 [2009]). Briefly, in April 2005, Ham and the victim argued while playing basketball at a public park. The argument escalated until a mutual friend separated Ham and the victim. Ham left the park for a short time, then returned in a car driven by defendant, his brother. According to the victim and an eyewitness, Ham walked towards the victim and asked to speak with him. When the victim approached, Ham pulled out a handgun and began firing at him. The victim responded by taking cover behind a tree and returning fire with his own handgun. After Ham ran out of bullets, the victim fled the park, firing multiple shots in the process. As the victim was running across the park, defendant allegedly got out of the car, knelt down and shot at the victim with a rifle, striking him.

Defendant and Ham were subsequently charged in an indictment with numerous crimes, including attempted murder in the second degree, assault in the first degree and assault in the second degree. Following a jury trial, both were convicted of assault in the first degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree

and criminal possession of a weapon in the third degree. Thereafter, defendant was sentenced to an aggregate prison term of 20 years to be followed by five years of postrelease supervision. Defendant now appeals.

Initially, defendant complains that County Court erroneously rejected several of his challenges to prospective jurors for cause that, given his exhaustion of his peremptory challenges, warrant reversal.[1] In particular, defendant points to a prospective juror who knew the prosecutor's mother and had met the prosecutor in passing, as well as another acquainted with an assistant district attorney who did not work on the case, a peripheral potential witness who did not ultimately testify, and relatives of the victim, one of whom did testify. All of those relationships, however, were either not particularly close ones or arose in a professional context and were thus not of a type to preclude either prospective juror from rendering an impartial verdict (see CPL 270.20 [1] [c]; People v Rentz, 67 NY2d 829, 830-831 [1986]; People v Provenzano, 50 NY2d 420, 424-425 [1980]; People v Cassidy, 16 AD3d 1079, 1080 [2005], lv denied 5 NY3d 760 [2005]; People v Pickren, 284 AD2d 727, 727-728 [2001], lv denied 96 NY2d 923 [2001]). As both prospective jurors gave unequivocal assurances that they could set aside any potential bias and render an impartial verdict, County Court appropriately denied defendant's challenges for cause (see People v Watkins, 59 AD3d 1128, 1130 [2009], lv denied 12 NY3d 922 [2009]; People v Di Napoli, 28 AD3d 1013, 1014 [2006], lv denied 7 NY3d 812 [2006]).

A more troubling issue involves County Court's suggestion, adopted by the parties, that alternate jurors be selected from the list of those prospective jurors who had previously been excused by virtue of peremptory challenges. One of those alternates, who later became a juror, had been excused by defendant's peremptory challenge. Alternates must be selected in the same manner as jurors (see CPL 270.30 [1]), requiring County Court to follow the selection procedures of CPL 270.15 to select alternates and "exclude [a potential alternate] from service" if a peremptory challenge is exercised (CPL 270.25 [1]). The method used was thus improper, but defendant's challenge to that method must be preserved by appropriate objection (see People v Agramonte, 87 NY2d 765, 770-771 [1996]; People v Walston, 277 AD2d 593, 595 [2000], lv denied 96 NY2d 764

---

1. One such challenge need not be considered as the People, not defendant, exercised a peremptory challenge to remove the prospective juror (see CPL 270.20 [2]; People v Dunkley, 189 AD2d 776, 777 [1993], lv denied 81 NY2d 884 [1993]).

[2001]) and may also be waived by his affirmative acts (*see People v Colon*, 90 NY2d 824, 826 [1997]). Defendant did not object to the procedure and, indeed, agreed to it.[2] Additionally, a defendant is ordinarily entitled to withdraw a peremptory challenge, and the fact that defendant effectively did so here does not warrant reversal by itself (*see People v Quinones*, 222 AD2d 208, 208 [1995], *lv denied* 87 NY2d 924 [1996]; *People v Roberts*, 215 AD2d 148, 148 [1995], *lv denied* 86 NY2d 783 [1995]). We do not approve of this method to select alternates, and County Court would do well to avoid it in the future. The fact remains, however, that defendant was not deprived of the right to a jury of his own choosing, and we accordingly perceive no reason to reach this unpreserved and waived issue (*see People v Roberts*, 215 AD2d at 148).

Turning to the evidence at trial, the People concede that defendant's conviction on the count of assault in the first degree must be reduced to the lesser included offense of attempted assault in the first degree given our holding upon Ham's appeal that the trial evidence was legally insufficient to support a finding that the victim suffered serious physical injury (*People v Ham*, 67 AD3d at 1039-1040). We do not agree with defendant, however, that his conviction for reckless endangerment in the first degree is based upon legally insufficient evidence. That charge alleged that, while firing shots at the victim, defendant acted with depraved indifference to human life and recklessly created a grave risk of death to another individual who was nearby (*see* Penal Law § 120.25). Viewing the evidence in the light most favorable to the People, the victim's testimony that the individual was running with him, as well as the individual's statements that he was close enough to see and hear the victim speak to him at the time of the shooting, provided legally sufficient evidence to support defendant's conviction (*see People v Vargas*, 60 AD3d 1236, 1238 [2009], *lv denied* 13 NY3d 750 [2009]; *People v Graham*, 14 AD3d 887, 889 [2005], *lv denied* 4 NY3d 853 [2005]).

Nor are we persuaded that the verdict as to this count, as well as the weapons possession counts, is against the weight of the evidence. A different verdict would not have been unreasonable given the conflicting evidence in the record and the crimi-

2. Only Ham consented to this procedure on the record, with defendant remaining silent, but the parties agreed that Ham would speak for both during jury selection and defendant's silence constituted a waiver of the issue (*see* CPL 270.25 [3]; *People v Hilton*, 187 AD2d 608, 608-609 [1992], *lv denied* 81 NY2d 887 [1993]; *People v Foster*, 100 AD2d 200, 206-207 [1984], *mod* 64 NY2d 1144 [1985], *cert denied* 474 US 857 [1985]).

nal histories of both the victim and the nearby individual, including pending charges that both hoped would be more advantageously resolved if they cooperated in the proceedings against defendant and Ham. Nevertheless, the jury credited their version of events over the less than compelling testimony offered by defendant in support of his claim that he was not present and, according deference to that determination, we see no reason to disturb it (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Vargas*, 60 AD3d at 1238-1239).

Defendant further complains of allegedly improper statements made by the prosecutor, most notably in her opening and closing statements when she stated that the crimes at issue occurred in a public park and asked the jury to hold defendant accountable for his actions in such a "sacred bright spot," but defendant failed to object to those comments and his argument is unpreserved for our review (*see People v Romero*, 7 NY3d 911, 912 [2006]; *People v Booker*, 53 AD3d 697, 704 [2008], *lv denied* 11 NY3d 853 [2008]). Regardless, the prosecutor immediately made clear that the jurors should find defendant guilty not because of their dislike for what happened but, rather, because the crimes had been proven beyond a reasonable doubt, and we cannot say that these isolated comments referring to the well-established fact that the crime occurred in a park constituted an improper appeal to the jurors' sympathy (*see People v Clark*, 52 AD3d 860, 863 [2008], *lv denied* 11 NY3d 831 [2008]; *People v Cruz*, 292 AD2d 196 [2002], *lv denied* 98 NY2d 636 [2002]). The remaining instances of prosecutorial misconduct pointed to by defendant, although arguably improper, were infrequent, drew successful objections from defendant and cautions from County Court, and were not so substantially prejudicial in the aggregate that they deprived defendant of a fair trial (*see People v Nelson*, 68 AD3d 1252, 1255 [2009]; *People v Mitchell*, 55 AD3d 1048, 1051-1052 [2008], *lv denied* 12 NY3d 856 [2009]).

Defendant further argues that he was deprived of the effective assistance of counsel. As noted above, defense counsel failed to object to the method of selecting alternates proposed by County Court, but jury selection involves the "quintessentially tactical decision" of whether defendant's interests would be assisted or harmed by a particular juror (*People v Cordova-Diaz*, 55 AD3d 360, 361 [2008], *lv denied* 12 NY3d 782 [2009]). With that in mind, the record does not reflect that counsel's decision to allow a previously rejected prospective juror to serve as an alternate fell below the standard for effective assistance (*see People v Colon*, 90 NY2d at 826; *People v Turner*, 37 AD3d 874, 876-877 [2007], *lv denied* 8 NY3d 991 [2007]; *People v Driscoll*,

251 AD2d 759, 761 [1998], *lvs denied* 92 NY2d 896, 949 [1998]). Likewise, defendant points to counsel's failure to object to certain alleged prosecutorial misconduct, but the prosecutor's comments, even if improper, were "not so prejudicial to defendant as to render counsel's failure to object to them evidence of ineffective assistance of counsel" (*People v Albanese*, 38 AD3d 1015, 1019 [2007], *lv denied* 8 NY3d 981 [2007]). Notwithstanding defendant's myriad arguments regarding counsel's inadequacy, defense counsel employed a coherent defense strategy in the face of multiple eyewitnesses to defendant's crimes that included motion practice and vigorous cross-examination of witnesses, and that strategy bore fruit in defendant's acquittal upon the top count of the indictment and the dismissal of multiple first degree reckless endangerment counts. Viewing this case in its totality and as of the time of the representation, we are satisfied that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Blanchard*, 63 AD3d 1291, 1292 [2009], *lv denied* 13 NY3d 794 [2009]).

As remittal is necessary for resentencing on the attempted assault conviction, defendant's argument that his sentence was harsh and excessive is academic (*see People v Loomis*, 56 AD3d 1046, 1047 [2008]). We have reviewed defendant's remaining arguments and find them to be without merit.

Spain, Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, by reducing defendant's conviction for assault in the first degree under count three of the indictment to attempted assault in the first degree; vacate the sentence imposed thereon and matter remitted to the County Court of Schenectady County for resentencing; and, as so modified, affirmed.