■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONSO ROBINSON, Appellant. [898 NYS2d 365]—

Malone Jr., J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 27, 2008, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

Following a controlled drug buy from defendant made by a confidential informant in a second-floor apartment located at 41 Catherine Street in the City of Albany, police obtained a warrant to search the premises and found a handgun and some marihuana therein. Defendant was thereafter charged with criminal possession of a weapon in the third degree, criminal possession of stolen property in the fourth degree, criminal possession of marihuana in the fourth degree and criminal sale of marihuana in the fourth degree. County Court granted defendant's subsequent motion to suppress identification testimony of the confidential informant, as well as the evidence seized from his person at the time of his arrest, but denied his motion to suppress the evidence seized from the apartment.[1] Following a jury trial, defendant was convicted of criminal possession of a weapon in the third degree and was sentenced, as a second felony offender, to a prison term of $3^{1}/_{2}$ to 7 years. Defendant appeals.

Defendant initially contends that the conviction is not supported by legally sufficient evidence and the verdict is against the weight of the evidence because the People did not establish that he constructively possessed the handgun. Another resident at 41 Catherine Street testified at trial that defendant spent a substantial amount of time in the apartment in which the handgun was found, and police officers testified that they had observed defendant coming and going from 41 Catherine Street on numerous occasions. Further, during the booking process defendant gave his residential address as 41 Catherine Street. This evidence was sufficient to establish that defendant exercised dominion and control over the apartment (see Penal Law § 10.00 [8]; *People v Edwards*, 39 AD3d 1078, 1079 [2007]).

---

1. The People thereafter dropped the criminal sale of marihuana in the fourth degree charge and County Court dismissed the count charging defendant with criminal possession of marihuana in the fourth degree.

The People also presented evidence that DNA samples taken from the handgun were consistent with defendant's DNA, from which an inference could be made that defendant had physically possessed the gun at some point in time. Although defendant offered the testimony of his codefendant to cast doubt on the extent to which defendant inhabited the apartment, this testimony presented a credibility issue for the jury to resolve (*see People v Edwards*, 39 AD3d at 1080). Thus, the evidence here is legally sufficient to permit the jury to conclude that the elements of the crime were proven beyond a reasonable doubt and the verdict is not against the weight of evidence (*see* Penal Law § 265.01 [1]; § 265.02 [1]; *People v Roberts*, 63 AD3d 1294, 1296 [2009]; *People v Rivenburgh*, 1 AD3d 696, 699 [2003], *lv denied* 1 NY3d 579 [2003]).[2]

Next, we are not persuaded by defendant's contentions that the search warrant was defective. The warrant application, together with the sworn statement of one informant that a gun was seen by him in defendant's apartment and the results of a controlled marihuana buy made by another informant, provided "reasonable cause to believe" that contraband would be found within the premises searched (CPL 690.40 [2]; *see People v Bradley*, 59 AD3d 806, 807 [2009]). The reliability of the informants was adequately established at the suppression hearing, where it was revealed that each informant had previously provided the police with accurate information (*see People v Johnson*, 66 NY2d 398, 403 [1985]). Contrary to defendant's contention, the information on which the application was based was not stale considering that the controlled buy occurred on the same day that the application was prepared and the other informant's statement was taken three days prior to that date.

Finally, we are not persuaded that the sentence imposed here is harsh and excessive, particularly considering defendant's extensive criminal history.[3] The fact that the sentence imposed after trial was greater than the sentence offered as part of a pretrial plea agreement offer, which defendant rejected, is not proof that defendant was penalized for exercising his right to a jury trial (*see People v Simon*, 180 AD2d 866, 867 [1992], *lv denied* 80 NY2d 838 [1992]).

Peters, J.P., Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.

---

**2.** Defendant did not contest at trial the fact that he had been previously convicted of a crime (*see* Penal Law § 265.02 [1]).

**3.** We note that defendant was released from incarceration in January 2009 and is currently under parole supervision.