■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARVEY A. BAILEY, Appellant. [915 NYS2d 368]—

Spain, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered March 6, 2009, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

Based on a communication from a confidential informant (hereinafter CI), and ensuing surveillance of defendant, a search warrant was issued for defendant's apartment where narcotics, drug paraphernalia and over $7,000 in cash were discovered. Thereafter, defendant was indicted on one count of criminal possession of a controlled substance in the third degree and, following a jury trial, was convicted and sentenced to seven years in prison followed by three years of postrelease supervision. On defendant's appeal, we affirm.

We turn first to defendant's claim that County Court erred in denying trial counsel's motion to withdraw as counsel to defendant. The record reveals that counsel, retained by defendant, asked to be relieved because defendant was insisting that he file motions that counsel felt were frivolous. Defendant had expressed dissatisfaction with his chosen attorney months earlier and, although the court clearly and repeatedly advised defendant that he could retain new counsel and even granted an adjournment for that purpose, defendant never did so. In denying defense counsel's motion to withdraw, the court again cited defendant's right to obtain new counsel, but declined—as the case was proceeding to trial—to allow defense counsel to terminate his representation of defendant where defendant had not timely acted. The court allowed defendant to bring pro se motions—which he did with technical assistance from defense counsel—and reminded defense counsel of his ethical obligation to zealously represent defendant. Given the clear evidence, on this record, that defendant had ample opportunity to secure an attorney of his choice and that his attorney was willing and able to zealously represent him despite their differences, we hold that County Court did not err in denying defense counsel's request to withdraw (*see People v Sapienza*, 75 AD3d 768, 769-771 [2010]; *People v Manley*, 70 AD3d 1125, 1126 [2010]; *People v Nelson*, 1 AD3d 796, 797-798 [2003], *lv denied* 1 NY3d 631 [2004]; *see generally People v Arroyave*, 49 NY2d 264, 270-271 [1980]).

We also reject defendant's argument—advanced in his pro se brief—that he was denied the effective assistance of counsel. On the record before us, defendant was provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Dewey*, 18 AD3d 894, 895-896 [2005]). Counsel effectively represented defendant at every critical stage in the proceedings, offering articulate opening and closing arguments, successfully limiting the introduction of defendant's prior convictions and *Molineux* evidence during pretrial hearings, pursuing a plausible defense strategy, vigorously conducting cross-examination of witnesses and making appropriate objections (*see e.g. People v Molano*, 70 AD3d 1172, 1176-1177 [2010], *lv denied* 15 NY3d 776 [2010]; *People v Blanchard*, 63 AD3d 1291, 1292 [2009], *lv denied* 13 NY3d 794 [2009]).

Defendant primarily focuses on counsel's failure to make a pretrial motion to suppress the evidence recovered from his apartment. "The fact that defense counsel did not request a particular pretrial hearing does not necessarily constitute ineffective assistance of counsel" (*People v Jackson*, 67 AD3d 1067,

1068 [2009], *lv denied* 14 NY3d 801 [2010] [citation omitted]). In any event, defendant made a pro se suppression motion that County Court considered and properly rejected in a well-reasoned decision concluding that the police had probable cause to obtain the warrant. The CI, whose identity was known to the police, told them that defendant had previously sold crack cocaine to her upwards of 25 times, explained that he delivered drugs to her on his bicycle, described the apartment defendant lived in, described where defendant retrieved drugs from within the apartment and identified him from a photograph. The CI then called defendant with the police present and left a message expressing her desire to buy crack cocaine. When the CI subsequently contacted the police to tell them she had spoken to defendant and he was on his way to deliver cocaine, the police observed defendant leave his home on his bicycle and head in the direction of the CI's apartment. Inasmuch as the information provided by the CI was within her personal knowledge and against her penal interest (*see People v Lisk*, 216 AD2d 851, 852-853 [1995], *lv denied* 87 NY2d 904 [1995]), and was corroborated by the personal observations of the police, it was sufficiently reliable to create probable cause to believe that defendant was engaging in or had engaged in illegal activity and that contraband would be found within his apartment (*see* CPL 690.40 [2]; *People v Robinson*, 72 AD3d 1277, 1278 [2010], *lv denied* 15 NY3d 809 [2010]; *People v Vargas*, 72 AD3d 1114, 1115-1116 [2010], *lv denied* 15 NY3d 758 [2010]; *People v Bradley*, 59 AD3d 806, 807 [2009]). Indeed, the evidence before the court was more than ample to support the court's finding that the search warrant was based on probable cause.

Defendant's assertion that counsel was ineffective for failing to challenge his constructive possession of the contraband found in his apartment is also unavailing. Counsel did challenge the theory of possession in his cross-examination of witnesses and in his closing statement, emphasizing that the apartment was also occupied by defendant's girlfriend. In any event, ample uncontroverted evidence exists to support the jury's finding that defendant exercised dominion and control over the apartment. The CI and defendant's girlfriend testified that defendant lived in the apartment, and the police recovered mail in the apartment addressed to defendant at the address of the apartment. Under these circumstances, the jury's finding that defendant constructively possessed the cocaine was not against the weight of the credible evidence (*see People v Paige*, 77 AD3d 1193, 1196 [2010], *lv granted* 15 NY3d 925 [2010]; *People v Vargas*, 72 AD3d at 1118-1119; *People v Echavarria*, 53 AD3d 859, 861-862 [2008], *lv denied* 11 NY3d 832 [2008]; *People v*

*Tarver*, 292 AD2d 110, 113-114 [2002], *lv denied* 98 NY2d 702 [2002]).

Finally, considering defendant's criminal history and finding no extraordinary circumstances or abuse of discretion in the imposition of the sentence, we hold that defendant's sentence is not harsh and excessive so as to warrant modification (*see* CPL 470.15 [6] [b]; *People v Manley*, 70 AD3d 1125, 1125 [2010]; *People v Miles*, 61 AD3d 1118, 1120 [2009], *lv denied* 12 NY3d 918 [2009]; *People v Douglas*, 57 AD3d 1105, 1106 [2008], *lv denied* 12 NY3d 783 [2009]).

Peters, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is affirmed.