■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE A. USEO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Orange County (Patsalos, J.), rendered May 29, 1987, convicting him of leaving the scene of an accident without reporting, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that since he was injured and contacted the police and surrendered his license to his attorney the next morning, it cannot be said, beyond a reasonable doubt, that he failed to comply with the requirement of Vehicle and Traffic Law § 600 (2) (a), that he report the incident as soon as physically possible. Viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The People showed that the defendant, by his own admission, was well enough after the accident to leave the scene, purportedly to find an ambulance for the injured driver of the other vehicle. He also had the presence of mind and physical capability to assist the injured passenger from his own vehicle. Further, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We reject the defendant's contention that the trial court erred in its charge to the jury regarding the mental state the People must prove to establish the crime of leaving the scene of an accident. In *People v Hager* (124 Misc 2d 123), relied upon by the defendant, the County Court construed Vehicle and Traffic Law former § 600 as requiring the People to prove that the defendant had knowledge that a person suffered personal injuries as a result of his use or operation of a motor vehicle and that the defendant knowingly left the scene of an accident. We disagree with the court's interpretation in *Hager* that the culpable mental state of "knowingly" applies to the element of leaving the scene of the accident.

At the time of the accident, Vehicle and Traffic Law former § 600 (2) (a) and (b) provided in pertinent part:

"Any person operating a motor vehicle who, knowing or having cause to know that personal injury has been caused to another person, due to the culpability of the person operating such motor vehicle, or due to accident, shall, before leaving the place where the said personal injury occurred, stop, exhibit his license and insurance identification card for such vehicle, when such card is required pursuant to articles six and eight of this chapter, and give his name, residence, including street and street number, insurance carrier and insurance identification information including but not limited to the number and effective dates of said individual's insurance policy and license number, to the injured party, if practical, and also to a police officer, or in the event that no police officer is in the vicinity of the place of said injury, then, he shall report said incident as soon as physically able to the nearest police station or judicial officer. * * *

"Any violation of the provisions of this subdivision, other than mere failure of an operator to exhibit his license and insurance identification card for such vehicle, where the personal injury involved results in death or serious physical injury, as defined in section 10.00 of the penal law, shall constitute a class E felony".

We note that the statutory provision omits any word or phrase requiring that the defendant act with a culpable state of mind with respect to the element of leaving the scene of the accident. The statutory language addressing the defendant's mental state is set off from the language pertaining to the element of leaving the scene of the accident by commas. The Legislature's use of punctuation evidences an intent to limit the scienter requirement to mere knowledge by a defendant as

the operator of a motor vehicle that a personal injury has been caused by his culpability or by accident *(accord,* 3 CJI[NY] VTL 600, at 2325-2328). We conclude that Vehicle and Traffic Law § 600 (2) does not require the People to establish that the defendant acted with any culpable mental state as to leaving the scene of the accident. Consequently, the court did not err in failing to instruct the jury that the defendant could only be found guilty if he had knowingly left the scene of the accident. Kunzeman, J. P., Rubin, Harwood and Balletta, JJ., concur.