*People v Suitte,* 90 AD2d 80). Sullivan, J. P., O'Brien, Ritter and Joy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN McDERMOTT, Appellant. [606 NYS2d 986] —Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered February 24, 1992, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the indictment is dismissed, without prejudice to the People to represent any appropriate charges to another Grand Jury *(see, People v Beslanovics,* 57 NY2d 726); and it is further,

Ordered that upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the County Court, Westchester County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance or fixing bail, or committing him to the custody of the Westchester County Sheriff pending resubmission of the case to the Grand Jury, and the Grand Jury's disposition thereof *(cf.,* CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the County Court, Westchester County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury. No questions of fact have been raised or considered.

The People concede, and we agree, that the court improperly allowed the prosecutor to exercise a peremptory challenge, after she had indicated she had finished exercising her peremptory challenges, and the defense counsel had exercised his peremptory challenges. Since the defendant ultimately exhausted his peremptory challenges, the judgment must be reversed *(see,* CPL 270.15 [2]; *People v De Conto,* 80 NY2d 943). Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.