■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE PEREIRA, Appellant. [633 NYS2d 63] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered April 11, 1994, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the requirements of CPL 270.15 (2) were violated when, over his objection, the trial court permitted the prosecutor to withdraw a peremptory challenge immediately following defense counsel's exercise of his peremptory challenges. In contrast to situations in which the prosecutor has been improperly permitted to exercise a peremptory challenge after the defense has begun or completed the exercise of its peremptory challenges *(cf., People v Williams,* 26 NY2d 62; *People v De Conto,* 172 AD2d 684, *affd* 80 NY2d 943; *see also, People v McDermott,* 199 AD2d 341), no such violation of the order of exercising peremptory challenges prescribed by CPL 270.15 (2) took place in this case. After the prosecutor withdrew the challenge in question, the trial court offered defense counsel the opportunity to exercise his peremptory challenges anew, and defense counsel declined the trial court's offer *(see, People v Levy,* 194 AD2d 319). Moreover, at the close of jury selection, defense counsel had exercised only 12 of his 15 peremptory challenges.

Viewed in the light most favorable to the defendant *(see, People v Steele,* 26 NY2d 526, 529), there is no reasonable view of the evidence upon which the jury could have found that the defendant's possession of a loaded pistol was temporary and lawful. The uncontradicted testimony demonstrates that, after coming into possession of a loaded pistol by disarming an assailant, the intoxicated defendant wandered through the streets waiving it in a threatening manner at passersby until he was apprehended by the police. Such evidence is utterly at odds with a claim of innocent possession *(see, People v Banks,* 76 NY2d 799, 801; *People v Williams,* 50 NY2d 1043; *People v Kouvaras,* 197 AD2d 638). Since the trial court was not obligated to charge the jury on the defense of temporary and lawful possession of a weapon, the defendant's contention that the charge as given was incorrect is without merit *(see, People v Snyder,* 138 AD2d 115, *affd* 73 NY2d 900). Sullivan, J. P., Miller, Copertino and Goldstein, JJ., concur.