■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO FRIDIC, Appellant. [634 NYS2d 487] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered February 14, 1994, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^1/_2$ to 9 years, unanimously affirmed.

Defendant's acquittal of the sale count does not make his

conviction of possession with intent to sell against the weight of the evidence, where he was the only person who matched the description transmitted by the undercover officer to the field team, and was arrested one block from where the alleged sale took place in possession of the same color glassines as those allegedly purchased by the undercover (*see, People v Ortiz,* 170 AD2d 396, *lv denied* 77 NY2d 998; *see also, People v Tucker,* 55 NY2d 1, 7). Defendant's claim that the court did not conduct a sufficiently probing inquiry of an allegedly unqualified juror is unpreserved (*see, People v Jackson,* 209 AD2d 247, *lv denied* 85 NY2d 974), and we decline to review it in the interest of justice. Defendant's suppression motion was properly denied upon proof of a description of the seller transmitted by the undercover officer that was sufficient to enable the arresting officer to reasonably conclude that defendant was the person described (*People v Acevedo,* 181 AD2d 596, *lv denied* 79 NY2d 1045). Concur—Sullivan, J. P., Ellerin, Wallach, Rubin and Mazzarelli, JJ.