■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY COLEMAN, Appellant. [692 NYS2d 352] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered February 20, 1997, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

Defendant's challenge to the court's *sua sponte* pre-voir dire excusal of two jurors, without input from counsel, is a claim

requiring preservation (*People v Martinez*, 239 AD2d 205, *lv denied* 90 NY2d 895), and we decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find that the court properly exercised its discretion, after sufficient inquiry, in excusing one prospective juror on the basis of a scheduling conflict (*see, People v Velasco*, 77 NY2d 469, 473), and the other on the basis of the prospective juror's lack of impartiality (*see, People v Decker*, 157 NY 186, 190-193).

The court properly exercised its discretion in limiting defendant's voir dire of prospective jurors because the precluded inquiries were repetitious and largely concerned the prospective jurors' knowledge of and attitudes toward principles of law (*see, People v Swift*, 260 AD2d 157). Concur—Ellerin, P. J., Rosenberger, Buckley and Friedman, JJ.