■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM JORGE BENIQUEZ, Appellant. [699 NYS2d 878] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Lipp, J.), rendered March 30, 1993, convicting him of manslaughter in the first degree under Indictment No. 2395/ 91, upon his plea of guilty, and sentencing him to an indeterminate term of 6 to 18 years imprisonment, and (2) a judgment of the same court (Aiello, J.), rendered June 23, 1997, convicting him of murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree under Indictment No. 2422/91, upon a jury verdict, and sentencing him to indeterminate terms of imprisonment of 25 years to life on his conviction of murder in the second degree, 12½ to 25 years on his conviction of robbery in the first degree, and 7½ to 15 years on his conviction of possession of a weapon in the second degree, to run concurrently with each other but consecutively to the sentence imposed on the conviction of manslaughter in the first degree under Indictment No. 2395/91.

Ordered that the judgment under Indictment No. 2395/91 is affirmed; and it is further,

Ordered that the judgment under Indictment No. 2422/91 is modified, as a matter of discretion in the interest of justice, by providing that the terms of imprisonment imposed run concurrently with the term of imprisonment imposed under Indictment No. 2395/91; as so modified, the judgment is affirmed.

The defendant's claim that the court did not conduct a sufficient inquiry of an allegedly unqualified prospective juror is

unpreserved for appellate review (*see, People v Fridic,* 222 AD2d 220). In any event, the record fully supports the trial court's determination to dismiss the prospective juror whose comments to the court indicated that she was overly concerned with physical evidence and that she believed "word of mouth is not proof" (*see, People v White,* 213 AD2d 507, 508; *People v Torres,* 164 AD2d 923).

We find that the sentence imposed under Indictment No. 2422/91 is excessive to the extent indicated.

The defendant's remaining contentions lack merit. Joy, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.