■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS CHRISTIAN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALMA CRAWFORD, Appellant. [765

NYS2d 323] —Judgments, Supreme Court, New York County (Joan Sudolnik, J.), rendered November 9, 2001, convicting each defendant, after a joint jury trial, of robbery in the first degree, and sentencing defendant Christian, as a persistent violent felony offender, to a term of 25 years to life, and sentencing defendant Crawford, as a second felony offender, to a term of 10 years, unanimously affirmed.

The court properly denied defendants' applications made pursuant to *Batson v Kentucky*, (476 US 79 [1986]). The record supports the court's determination that the nondiscriminatory reasons provided by the prosecutor for the challenges in question were not pretextual. This finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]).

The court did not delegate any judicial authority to a court officer when it sent the officer to ask a panel of prospective jurors if any of them wished to advise the court of potential scheduling problems. This preliminary inquiry assigned to the court officer involved a ministerial matter (*see People v Bonaparte*, 78 NY2d 26, 31 [1991]; *People v Lopez*, 288 AD2d 118, 119 [2001], *affd* 99 NY2d 76 [2002]). Since the court remained immediately available to make any needed inquiries as to the panelists' ability to serve, and to rule on whether any panelist should be excused, no delegation of judicial authority occurred (*see People v Hernandez*, 94 NY2d 552 [2000]).

Defendant Crawford failed to preserve her challenges to the prosecutor's summation comments and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged portions of the prosecutor's summation were generally responsive to the defense summation and fair comment on the evidence, and did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

We perceive no basis for reducing the sentences. Concur—Buckley, P.J., Nardelli, Mazzarelli, Ellerin and Lerner, JJ.