■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WIDMARK TOUSSAINT, Appellant. [837 NYS2d 218]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered February 15, 2005, convicting him of leaving the scene of an incident without reporting, as a felony, and operating a motor vehicle while intoxicated, as a misdemeanor (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that prior to formal voir dire, the County Court erred in discharging prospective jurors without conducting any inquiry concerning their ability to serve. However, the defendant made no objection prior to the discharge of the jurors, nor did he request that any inquiry be made. Under these circumstances, the defendant's claim is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hopkins,* 76

NY2d 872 [1990]; *People v Settles,* 28 AD3d 591 [2006]; *People v Alexander,* 282 AD2d 468 [2001]; *People v Beniquez,* 267 AD2d 316 [1999]; *People v Coleman,* 262 AD2d 219 [1999]). In any event, the County Court properly exercised its discretion in excusing the prospective jurors (*see People v Velasco,* 77 NY2d 469, 473 [1991]; *People v Martinez,* 239 AD2d 205 [1997]).

The defendant's contention that the court erred in its charge to the jury regarding the mental state the People must prove to establish the crime of leaving the scene of an incident without reporting, in violation of Vehicle and Traffic Law § 600, is unpreserved for appellate review, as the defendant failed to request this instruction or object to the court's failure to give such a charge (*see* CPL 470.05 [2]; *People v Robinson,* 88 NY2d 1001 [1996]; *People v Kettreis,* 19 AD3d 706, 707 [2005]). In any event, the court did not err in failing to instruct the jury that the defendant could only be found guilty if he had intentionally left the scene of the accident. Although Vehicle and Traffic Law § 600 (2) requires proof that the defendant knew or had cause to know "that a personal injury has been caused by his culpability or by accident," the statute "does not require the People to establish that the defendant acted with any culpable mental state as to [the element of] leaving the scene of the accident" (*People v Useo,* 156 AD2d 739, 741 [1989]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of leaving the scene of an incident without reporting, in violation of Vehicle and Traffic Law § 600, beyond a reasonable doubt (*see People v Becker,* 290 AD2d 454 [2002]; *People v Stewart,* 289 AD2d 267 [2001]; *People v Field,* 175 AD2d 291 [1991]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contention does not require reversal. Schmidt, J.P., Goldstein, Angiolillo and McCarthy, JJ., concur.