■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELENO MORALES, Appellant. [933 NYS2d 407]—

Contrary to the defendant's contention, the County Court properly concluded that the defendant's statements were voluntary, and that the defendant "spoke with genuine spontaneity 'and not [as] the result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed' " (*People v Rivers*, 56 NY2d 476, 479 [1982], quoting *People v Maerling*, 46 NY2d 289, 302-303 [1978]; *see People v Bajana*, 82 AD3d 1111 [2011]; *People v Tyrell*, 67 AD3d 827, 828 [2009]; *People v Ayers*, 43 AD3d 1071, 1071-1072 [2007]). Accordingly, the County Court properly denied those branches of the defendant's omnibus motion which were to suppress statements made to and in the presence of law enforcement officers.

The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 493 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

While the County Court erred in admitting into evidence a prior consistent statement of the People's witness, that error

was harmless as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to the defendant's conviction (*see People v Seit*, 86 NY2d 92, 97 [1995]; *People v Crimmins*, 36 NY2d 230, 242 [1975]; *People v Evans*, 16 AD3d 517 [2005]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Chambers, Austin and Miller, JJ., concur.