■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NIDAMARK KING, Appellant. [973 NYS2d 579]—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Condon, J.), rendered June 23, 2011, convicting him of burglary in the first degree (two counts), robbery in the first degree (two counts), robbery in the second degree (three counts), criminal use of a firearm in the first degree, criminal use of a firearm in the second degree, reckless endangerment in the first degree, and assault in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

dant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered January 5, 2010, convicting her of burglary in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's assertion that the evidence was legally insufficient to support the jury verdict is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Jones*, 79 AD3d 1073, 1074 [2010]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's claim that the trial court discharged potential jurors based upon hardship without conducting a sufficient inquiry is unpreserved for appellate review (*see People v Casanova*, 62 AD3d 88, 92 [2009]; *People v Toussaint*, 40 AD3d 1017, 1017-1018 [2007]) and, in any event, is without merit (*see People v Umana*, 76 AD3d 1111, 1112 [2010]; *People v Toussaint*, 40 AD3d at 1017-1018).

Contrary to the defendant's contention, the trial court properly precluded evidence of third-party culpability as speculative, lacking in probative value, and constituting inadmissible hearsay (*see People v Schulz*, 4 NY3d 521, 528-529 [2005]; *People v Primo*, 96 NY2d 351, 356-357 [2001]; *People v West*, 86 AD3d 583, 585 [2011]).

The defendant's arguments regarding alleged prosecutorial misconduct during summation are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Dien*, 77 NY2d 885 [1991]; *People v Nuccie*, 57 NY2d 818 [1982]). In any event, although some of the prosecutor's remarks, as quoted by our dissenting colleague, improperly included gender stereotyping, the improper comments were not so flagrant or pervasive in the context of the entire summation as to deprive the defendant of a fair trial (*see People v Ward*, 106 AD3d 842, 843 [2013]; *People v Rayford*, 80 AD3d 780, 781 [2011]). Other comments about which the defendant now complains were within the proper

bounds of response to the defense summation in that they presented arguments based upon the evidence and the inferences to be drawn therefrom that the crime was a targeted attack motivated by the defendant's jealousy toward the victim, who was involved in a relationship with the defendant's former boyfriend, rather than a random attack by an unapprehended perpetrator during the course of a robbery, as the defense had suggested (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Griffin*, 67 AD3d 702 [2009]). Further, any prejudice resulting from the prosecutor's comments that the defendant's alibi defense was not raised in a timely manner was alleviated by the trial court's instructions to the jury that the defendant served a notice of alibi and presented her defense in a timely manner (*see People v Rayford*, 80 AD3d at 781).

The defendant's remaining contentions are without merit. Angiolillo, J.P., Chambers and Roman, JJ., concur.

Hinds-Radix, J., dissents and votes to reverse the judgment appealed from and to order a new trial, with the following memorandum:

The complainant and the defendant were engaged in a longstanding feud because the complainant was living with the defendant's former boyfriend, Tony Mann, who fathered two of the defendant's children. In the early morning of March 9, 2008, a masked man and an unmasked woman whom the complainant recognized as the defendant attacked her in a stairwell outside her apartment, hit her on the head, and dragged her into her apartment. Once inside, the man, who was carrying a gun, and the woman, who was carrying a knife, beat the complainant, cut her on different parts of her head, ransacked her apartment, and took money from her purse. The complainant called the police, and once they arrived she told them that the defendant and an accomplice had attacked her. The complainant also called her former husband and told him that the defendant had attacked her. She was taken to a hospital, where she was treated for fractures of her nasal bones, lacerations of her head and forehead, and a laceration of the index finger of her right hand. At the time of the trial, the complainant claimed she still had scars on her forehead, the back of her head, and her fingers.

The police did not dust for fingerprints or attempt to collect any forensic evidence because, due to an oversight, the case was not assigned to a detective until four days after the crime. The evidence against the defendant consisted of the complainant's trial testimony, and her statements to police and her former husband, that the defendant was the woman who assaulted her. At trial, the defendant presented an alibi defense, claiming she

was home in New Jersey with her children at the time of the incident.

In my view, the prosecutor's comments in summation were so inflammatory and prejudicial that they deprived the defendant of a fair trial. The prosecutor argued that "[o]nly a woman would inflict th[e] kind of beating" that resulted in the "horrific attack" to the complainant's face. He asserted that the attack could only have been undertaken by a woman "who is trying as hard she can to maim and disfigure her rival and to have an avenue for her rage and her jealousy." According to the prosecutor, a street criminal or someone associated with Mann would not have inflicted the specific injuries sustained by the complainant. He also claimed that the location of the attack was notable because, while it was not a good location for an attack by street criminals, it was "a good location for a woman trying to take out her shame and her rage and her jealousy on the face of her rival." The prosecutor asked the jury to consider, inter alia, how the complainant "must have felt the first time she looked at herself in the hospital mirror." He noted that the bulk of the injuries were to the face, hair, and head, indicating "[t]his crime is a woman" who lay in wait and "toy[ed] with her rival."

The prosecutor's comments that this crime could only be committed by a woman, although made without objection, appealed to gender bias and injected an issue of gender stereotyping and prejudice into the trial (*see People v Alexander*, 94 NY2d 382 [1999]; *People v Connette*, 101 AD2d 699 [1984]), warranting the reversal of the defendant's conviction in the interest of justice (*see People v Thomas*, 129 AD2d 596 [1987]). The inflammatory comments referring to the fact that the defendant was a woman were not isolated comments (*cf. People v Valdes*, 291 AD2d 513, 514 [2002]).

The prosecutor further argued that the alibi witnesses came forward at the "last minute" to "provide an alibi witness at the last second," prompting the trial court to note that "the defense gets an opportunity to present witnesses after the prosecution completes its case, so it's not really the last second" to instruct the jury that the defense provided a notice of alibi prior to the trial, and to suggest that the defense counsel "move on." The prosecutor's claim that the alibi was a recent fabrication devised at the "last minute" was unsupported by the evidence.

In view of the foregoing, the defendant did not receive a fair trial. Accordingly, I respectfully dissent.