Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered March 8, 2011, convicting him of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court imposed April 15, 2011, the resentence being determinate terms of imprisonment of 15 years upon his conviction of attempted murder in the second degree, 25 years upon his conviction of assault in the first degree, and 15 years upon his conviction of criminal possession *762 of a weapon in the second degree, with the terms of imprisonment imposed upon the convictions of attempted murder in the second degree and criminal possession of a weapon in the second degree to run consecutively to each other, and the term of imprisonment imposed upon the conviction of assault in the first degree to run concurrently with the consecutively imposed terms of imprisonment.
Ordered that the appeal from so much of the judgment as imposed the sentence is dismissed, as that portion of the judgment was superseded by the resentence; and it is further,
Ordered that the judgment is affirmed insofar as reviewed; and it is further,
Ordered that the resentence is modified, on the law, by directing that all of the terms of imprisonment run concurrently with each other; as so modified, the resentence is affirmed.
The defendant’s contention that the Supreme Court excused potential jurors based upon hardship without conducting a sufficient inquiry is unpreserved for appellate review (see People v Umana, 76 AD3d 1111, 1112 [2010]; People v Gonzalez, 68 AD3d 627 [2009]; People v Casanova, 62 AD3d 88, 92 [2009]; People v Toussaint, 40 AD3d 1017, 1017-1018 [2007]) and, in any event, without merit (see People v Umana, 76 AD3d at 1112; People v Toussaint, 40 AD3d at 1017-1018).
The defendant’s contention that the Supreme Court’s instructions to the jury with respect to attempted murder in the second degree and assault in the first degree constituted an improper constructive amendment of the indictment is unpreserved for appellate review (see CPL 470.05 [2]; People v Yakubova, 11 AD3d 644, 645 [2004]). In any event, the identity of the intended target is not an essential element of these crimes, and the court’s instructions were proper under the circumstances of this case (see People v Wells, 7 NY3d 51, 56-57 [2006]; People v Jones, 41 AD3d 507, 508 [2007]; People v Rivera, 268 AD2d 445 [2000]; People v Castellanos, 234 AD2d 381 [1996]; see also People v Spann, 56 NY2d 469, 473-474 [1982]).
The resentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). However, the imposition of consecutive terms of imprisonment upon the defendant’s convictions of attempted murder in the second degree and criminal possession of a weapon in the second degree under Penal Law § 265.03 (3) was improper. At trial, the evidence of the defendant’s possession of the subject weapon, a gun, was limited to certain surveillance videos, and more than 200 still photos from the videos, which were taken from seven cameras in and around the premises in front of which the shooting occurred. Therein, the *763 defendant was not seen with what appeared to be a gun until he was outside the building and removed it from his shirt, seconds before apparently shooting at the vehicle in which the victim was a passenger. Similarly, no evidence was introduced that the defendant possessed the gun after the shooting. No evidence was adduced at trial to establish that the defendant’s possession of a gun was separate and distinct from his shooting of the victim (cf. People v Brown, 21 NY3d 739 [2013]). Accordingly, the terms of imprisonment imposed upon the defendant’s convictions of attempted murder in the second degree and criminal possession of a weapon in the second degree under Penal law § 265.03 (3) must run concurrently (see Penal Law § 70.25 [2]; People v Rosario, 26 AD3d 271, 273-274 [2006]; People v Bernard, 210 AD2d 419, 420 [1994]).
The defendant’s remaining contention is without merit.
Skelos, J.P, Cohen, Miller and Hinds-Radix, JJ., concur.