■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZAVION BROWN, Appellant. [999 NYS2d 436]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered July 17, 2012, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant's challenge to the legal sufficiency of the evidence based on the People's failure to establish the defendant's identity beyond a reasonable doubt is preserved for appellate review (*see People v Finch*, 23 NY3d 408 [2014]). However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's identity as one of the perpetrators beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

"The credibility determinations of a hearing court following a suppression hearing are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Hobson*, 111 AD3d 958, 959 [2013]; *see People v Prochilo*, 41 NY2d 759, 761 [1977]). Here, upon according deference to the hearing court's findings of credibility, we conclude that the record supports the court's determination that the station-house identification at issue was accidental and not the result of police misconduct or questionable police procedures (*see People v Rodriguez*, 98 AD3d 530, 531-532 [2012]; *People v Gomez*, 60 AD3d 782, 783 [2009]; *People v Nunez*, 216 AD2d 494, 495 [1995]). Thus, the court did not err in denying suppression.

Contrary to the defendant's contention, the court did in fact reopen a *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]), and thereafter made its determination based upon a record that included the proceedings conducted after the *Wade* hearing was reopened. Moreover, the defendant did not establish that defense counsel was ineffective for failing to call any witness at the reopened hearing, as he has not shown the absence of strategic or other legitimate explanations for the alleged failure (*see People v Barboni*, 21 NY3d 393, 405-406 [2013]).

The defendant's contention that the trial court discharged potential jurors based upon hardship without conducting a sufficient inquiry is unpreserved for appellate review (*see People v Johnson*, 116 AD3d 883 [2014]; *People v Harris*, 115 AD3d 761, 762 [2014]; *People v King*, 110 AD3d 1005, 1006 [2013], *lv granted* 23 NY3d 1022 [2014]; *People v Casanova*, 62 AD3d 88, 90-92 [2009]) and, in any event, is without merit (*see People v Johnson*, 116 AD3d 883 [2014]; *People v Harris*, 115 AD3d at 762; *People v King*, 110 AD3d at 1006).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Chambers, J.P., Miller, Duffy and LaSalle, JJ., concur.