■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEDDY RACKS, Appellant. [2 NYS3d 598]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered October 9, 2012, convicting him of criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court excused potential jurors based upon hardship without conducting a sufficient inquiry is unpreserved for appellate review (*see People v Johnson*, 116 AD3d 883 [2014]; *People v Harris*, 115 AD3d 761, 762 [2014]; *People v Miller*, 112 AD3d 856 [2013]; *People v King*, 110 AD3d 1005 [2013]; *People v Umana*, 76 AD3d 1111, 1112 [2010]; *People v Toussaint*, 40 AD3d 1017, 1017-1018 [2007]) and, in any event, is without merit (*see People v Casanova*, 62 AD3d 88, 90-92 [2009]; *People v Christian*, 309 AD2d 527, 528 [2003]; *see also People v Heckstall*, 45 AD3d 907, 908 [2007]; *People v Mulinar*, 185 AD2d 996, 997 [1992]; *but see People v Roblee*, 70 AD3d 225, 228-230 [2009]).

Because the People failed to demonstrate that the complaining witness was not within their control, the Supreme Court erred in declining to give a missing-witness charge with respect to the People's failure to call him (*see People v Brown*, 4 AD3d 790 [2004]; *Matter of Ismael S.*, 213 AD2d 169, 173 [1995]; *see also People v Onyia*, 70 AD3d 1202, 1205 [2010]). However, at trial, inter alia, another witness stated that she saw the complaining witness and the defendant, who had a gun in his hand, in the hallway of her building, "arguing really loud[ly]." The witness walked away, and moments later she heard two gunshots. In addition, video footage from security cameras in the building showed the defendant with a gun in his hand. Thus, the error was harmless, as there was overwhelming evidence of the defendant's guilt of both counts of criminal possession of a weapon in the second degree, and no significant probability that the error contributed to the defendant's convictions (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Wilson*, 115 AD3d 891, 891-892 [2014]; *People v Williams*, 99 AD3d 955, 956 [2012]; *People v Morgan*, 228 AD2d 704, 705 [1996]).

The Supreme Court erred in admitting testimony by the

People's ballistics expert which did not "help[ ] to 'clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror' " (*People v Diaz*, 20 NY3d 569, 575 [2013], quoting *De Long v County of Erie*, 60 NY2d 296, 307 [1983]; *see People v Gopaul*, 112 AD3d 966 [2013]), and in permitting an eyewitness to testify to her prior consistent statement. However, these errors were harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the errors contributed to the defendant's conviction (*see People v Rivers*, 18 NY3d 222, 228 [2011]; *People v Crimmins*, 36 NY2d at 237; *People v Morales*, 89 AD3d 1111, 1111-1112 [2011]; *People v Parker*, 74 AD3d 1365, 1365-1366 [2010]). Moreover, the cumulative effect of the Supreme Court's errors did not deprive the defendant of a fair trial.

Contrary to the defendant's contention, the court properly admitted a recording of a telephone call placed from Rikers Island using his inmate case booking number and PIN. " 'The predicate for admission of tape recordings in evidence is clear and convincing proof that the tapes are genuine and that they have not been altered' " (*Grucci v Grucci*, 20 NY3d 893, 897 [2012], quoting *People v Ely*, 68 NY2d 520, 522 [1986]). Here, the Rikers Island records custodian presented evidence providing the required foundation. Although she conceded it would have been possible for another inmate to borrow the defendant's case booking number and PIN to place a call, that concession went only to the weight of the evidence, not its admissibility. Leventhal, J.P., Hall, Austin and Sgroi, JJ., concur.