■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNELL JORDAN, Appellant. [3 NYS3d 127]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered November 29, 2012, convicting him of attempted assault in the first degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court discharged potential jurors based upon hardship without conducting a sufficient inquiry is unpreserved for appellate review (*see People v Johnson*, 116 AD3d 883, 883 [2014]; *People v King*, 110 AD3d 1005, 1006 [2013]; *People v Casanova*, 62 AD3d 88, 92 [2009]; *People v Toussaint*, 40 AD3d 1017, 1017-1018 [2007]) and, in any event, is without merit (*see People v Johnson*, 116 AD3d at 883; *People v King*, 110 AD3d at 1006; *People v Umana*, 76 AD3d 1111, 1112 [2010]; *People v Toussaint*, 40 AD3d at 1017-1018).

The defendant's main witness testified at trial that the defendant was not present at the crime scene at the time of the subject shooting. The defendant contends that the People failed to establish a sufficient foundation for the admission into evidence of the rebuttal testimony of an Assistant District Attorney (hereinafter the ADA) that, during a pretrial interview with the ADA, the witness did not aver that the defendant was absent from the crime scene at the time of the subject shooting. Contrary to the defendant's assertion, the defense witness was properly impeached by way of this rebuttal testimony, as the defense witness acknowledged at trial that he knew that he was to be interviewed by the ADA with respect to charges

that the defendant committed the instant offenses, but nonetheless failed to provide any such exculpatory information to the ADA. In these circumstances, the witness's omission of this critical information from his statements to the ADA was a proper basis for the impeachment of the witness (*see People v Miller*, 89 NY2d 1077, 1079 [1997]; *People v Dawson*, 50 NY2d 311, 321 n 4 [1980]).

Contrary to the defendant's assertions, he was not deprived of a fair trial by the admission into evidence of testimony that the defense's main witness allegedly attempted to bribe the complainant, and urged the complainant not to testify against the defendant. The Supreme Court gave a prompt and appropriate instruction following this testimony, informing the jury that there was no evidence that the defendant authorized the alleged bribe, and that the testimony had been offered only on the issue of the defense witness's credibility. As the jury is presumed to have followed the trial court's instruction, any possible prejudice to the defendant was cured by this instruction (*see People v DiPippo*, 117 AD3d 1076, 1077 [2014], *lv granted* 24 NY3d 1038 [2014]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Rivera, J.P., Dickerson, Roman and Cohen, JJ., concur.