■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BOYD, Appellant. [4 NYS3d 131]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered June 7, 2012, convicting him of burglary in the second degree and attempted trespass in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court excused potential jurors based upon hardship without conducting a sufficient inquiry is unpreserved for appellate review (*see People v*

Harris, 115 AD3d 761, 762 [2014]; *People v Umana*, 76 AD3d 1111, 1112 [2010]; *People v Gonzalez*, 68 AD3d 627 [2009]; *People v Casanova*, 62 AD3d 88, 92 [2009]; *People v Toussaint*, 40 AD3d 1017, 1017-1018 [2007]) and, in any event, without merit (*see People v Umana*, 76 AD3d at 1112; *People v Toussaint*, 40 AD3d at 1017-1018).

The defendant failed to preserve for appellate review his argument that the evidence was legally insufficient to establish his guilt of burglary in the second degree beyond a reasonable doubt (*see People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Gray*, 86 NY2d 10 [1995]; *People v Udzinski*, 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt of that crime was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that reversal is required by virtue of various comments made by the prosecutor during summation is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the challenged comments were either fair response to the remarks made by the defense counsel on summation, or not so egregious as to have deprived the defendant of a fair trial (*see People v Tiro*, 100 AD3d 663 [2012]). Mastro, J.P., Leventhal, Miller and Maltese, JJ., concur.