Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered July 19, 2012, convicting him of robbery in the first degree and robbery in the second degree (five counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that the Supreme Court excused potential jurors based upon hardship without conducting a sufficient inquiry is unpreserved for appellate review (see People v Jordan, 125 AD3d 787, 787 [2015]; People v Racks, 125 AD3d 692, 693 [2015]; People v Brown, 123 AD3d 938, 939 [2014]) and, in any event, is without merit (see People v Johnson, 116 AD3d 883 [2014]; People v King, 110 AD3d 1005, 1006 [2013]; People v Umana, 76 AD3d 1111, 1112 [2010]; People v Toussaint, 40 AD3d 1017, 1017-1018 [2007]).
The defendant’s contention that the Supreme Court erred in granting the People’s application to modify its Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) so as to allow certain underlying facts regarding a prior juvenile delinquency adjudication to be elicited on cross-examination of the defendant is unpreserved for appellate review (see CPL 470.05 [2]). In any event, this contention is without merit. As the court properly concluded, the defendant opened the door to such questioning when, on direct examination, he described the nature of the incident underlying the juvenile delinquency adjudication as a “prank” (see People v Eddo, 55 AD3d 922, 923 [2008]; People v Brown, 11 AD3d 474, 475 [2004]; People v Sims, 245 AD2d 316, 317 [1997]). Moreover, since the defendant raised the affirmative defense of duress, by which he implicitly denied any criminal intent to commit the crimes charged, the People were properly permitted to rebut that defense with evidence of the defendant’s criminal disposition or inconsistent intent (see People v Calvano, 30 NY2d 199, 205-206 [1972]; People v Williams, 38 AD3d 577, 578 [2007]; People v Maldonado, 5 AD3d 505, 506 [2004]).
*939 The questions posed by the prosecutor during cross-examination of the defendant regarding his high school truancy record were also proper. The defendant opened the door to such questioning by testifying during direct examination that he was a high school graduate who was anticipating going to college, and by eliciting testimony from defense witnesses that he was responsible and a “good” kid who did not get into trouble (see People v O’Keefe, 105 AD3d 1062, 1063 [2013]; People v Jackson, 100 AD3d 1018, 1018 [2012]).
The defendant contends that a question posed by the prosecutor regarding a comment that the defendant allegedly made before another judge was improper. However, since defense counsel did not seek further relief or move for a mistrial after the Supreme Court sustained his objection and struck the question from the record, this contention is unpreserved for appellate review (see People v Gill, 54 AD3d 965, 965-966 [2008]). In any event, the comment alleged to be prejudicial was harmless (see People v Crimmins, 36 NY2d 230, 241-242 [1975]). Similarly, with respect to a question posed by the prosecutor regarding a remark the defendant allegedly made to garner sympathy from the jury, the Supreme Court providently exercised its discretion in denying defense counsel’s motion for a mistrial. In this regard, any possible prejudice to the defendant was ameliorated when the Supreme Court sustained defense counsel’s objection, struck the question from the record, and provided a curative instruction to the jury (see People v Dubois, 116 AD3d 878, 878 [2014]; People v Ray, 100 AD3d 933, 933-934 [2012]; see generally People v Young, 48 NY2d 995, 996 [1980]). Moreover, neither of the challenged questions deprived the defendant of a fair trial.
The defendant’s contention that the verdict sheet contained annotations not authorized by CPL 310.20 (2) is unpreserved for appellate review and, in any event, without merit (see People v Lewis, 23 NY3d 179, 187 [2014]; People v Cole, 85 NY2d 990, 991-992 [1995]; People v Nunez, 120 AD3d 714, 716 [2014]; People v Cardenas, 239 AD2d 594 [1997]; People v Simpson, 222 AD2d 462 [1995]). Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.