■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREMAYNE MARSHALL, Appellant. [17 NYS3d 140]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered October 25, 2012, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying the defendant's request to withdraw his peremptory challenge to a prospective juror (*cf. People v Parrales*, 105 AD3d 871, 872 [2013]). Contrary to the People's contention, the defendant sufficiently preserved this argument for appellate review (*see* CPL 470.05 [2]; *People v Roberts*, 215 AD2d 148, 148 [1995]). However, the error was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

The defendant contends that the Supreme Court's improper denial of his request to withdraw his peremptory challenge is not subject to harmless error analysis, since the error deprived him of his constitutional right to a jury in whose selection he had a voice (*see People v Anderson*, 70 NY2d 729, 730 [1987]). We disagree. While peremptory challenges "are a mainstay in a litigant's strategic arsenal," they are "not a trial tool of constitutional magnitude" (*People v Luciano*, 10 NY3d 499, 502 [2008]; *see People v Hecker*, 15 NY3d 625, 662 [2010]). The right to exercise peremptory challenges "is protected by the Criminal Procedure Law, which provides that each party 'must be allowed' an equal number of peremptory challenges and that a court 'must exclude' any juror challenged" (*People v Luciano*, 10 NY3d at 502, quoting CPL 270.25 [1], [2]; *see People v Hecker*, 15 NY3d at 662). Therefore, "the unjustified denial of a peremptory challenge violates CPL 270.25 (2) and requires reversal without regard to harmless error" (*People v Hecker*, 15 NY3d at 662). However, there is no statutory right to withdraw a peremptory challenge. Further, the instant case does not involve a situation in which the People attempted to peremptorily challenge a juror who had been accepted by the defense in violation of CPL 270.15 (2), inasmuch as the People did not object to the defendant's request to withdraw the peremptory challenge (*cf. People v Quinones*, 222 AD2d 208, 208-209 [1995]). Moreover, the defendant was not prejudiced by the loss of the peremptory challenge since, at the conclusion of jury selection, defense counsel had exercised only 9 of his 15 peremptory challenges (*cf. People v Pereira*, 220 AD2d 696, 696

[1995]). Accordingly, under the circumstances of this case, the error was harmless.

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel under the New York Constitution since, viewing defense counsel's performance in totality, counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Fields*, 109 AD3d 553, 554 [2013]). Moreover, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (*see Strickland v Washington*, 466 US 668 [1984]).

The defendant failed to preserve for appellate review his remaining contentions that the Supreme Court discharged potential jurors based upon hardship without conducting a sufficient inquiry, and improperly delegated its duties to the jury clerk (*see* CPL 470.05 [2]; *People v Jordan*, 125 AD3d 787, 787 [2015]; *People v Johnson*, 116 AD3d 883, 883 [2014]; *People v King*, 110 AD3d 1005, 1005 [2013]; *People v Toussaint*, 40 AD3d 1017, 1017-1018 [2007]; *cf. People v Roberts*, 215 AD2d 148, 148 [1995]). In any event, those contentions are without merit (*see People v Jordan*, 125 AD3d at 787; *People v Johnson*, 116 AD3d at 883; *People v King*, 110 AD3d at 1005). Dillon, J.P., Dickerson, Chambers and Roman, JJ., concur.