■ The People of the State of New York, Respondent, v Ras Joseph, Appellant. [22 NYS3d 598]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered January 25, 2013, convicting him of assault in the second degree and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court excused potential jurors based upon hardship without conducting a sufficient inquiry is unpreserved for appellate review (*see People v Valenko*, 126 AD3d 1020 [2015]; *People v Boyd*, 125 AD3d 992 [2015]; *People v Racks*, 125 AD3d 692 [2015]). In any event, the defendant's contention is without merit (*see People v Bruce*, 130 AD3d 938, 938 [2015]; *People v Johnson*, 116 AD3d 883, 883 [2014]; *People v Umana*, 76 AD3d 1111, 1112 [2010]; *People v Toussaint*, 40 AD3d 1017, 1017-1018 [2007]).

The defendant's challenge to the legal sufficiency of the evidence with respect to assault in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt (*see People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Vincent*, 80 AD3d 633, 634 [2011]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d at 348-349; *People v Vincent*, 80 AD3d at 634), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d at 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Pelosi*, 128 AD3d 733 [2015]). Chambers, J.P., Hall, Austin and Barros, JJ., concur.