Appeal by the defendant from a judgment of the County Court, Suffolk County (Camacho, J.), rendered February 26, 2014, convicting him of attempted murder in the second degree, criminal use of a firearm in the first degree (two counts), criminal possession of a weapon in the second degree (two counts), criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree (two counts), criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (seven counts), and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 The defendant was convicted, after a jury trial, of numerous drug sale and possession charges, together with charges of attempted murder in the second degree, criminal use of a firearm in the first degree (two counts), and criminal possession of a weapon in the second degree (two counts). The defendant challenges only the conviction of attempted murder in the second degree, and, relatedly, the convictions of criminal use of a firearm in the first degree.
 

 The defendant’s contention that the evidence was legally insufficient to disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to disprove the defendant’s justification defense beyond a reasonable doubt (see Penal Law § 35.15; People v Garcia, 89 AD3d 862, 862-863 [2011]; People v Seals, 78 AD3d 742 [2010]). Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the jury’s rejection of the justification defense and the verdict of guilt on the count of attempted murder in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
 

 The defendant’s contention that certain remarks made by the prosecutor during summation were improper and deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05 [2]; People v Martin, 116 AD3d 981, 982 [2014]; People v Santos, 105 AD3d 1064, 1065 [2013]). In any event, the challenged remarks were either fair comment on the evidence or fair response to the arguments made by defense counsel in summation (see People v Galloway, 54 NY2d 396, 399 [1981]).
 

 The defendant also failed to preserve for appellate review his contention that the County Court’s justification charge was improper, as he failed to object to the charge (see CPL 470.05 [2]; People v Boley, 116 AD3d 965, 966 [2014]). In any event, the contention is without merit.
 

 Contrary to the defendant’s contention, he was not deprived of effective assistance of counsel (see People v Benevento, 91 NY2d 708, 712-713 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]).
 

 The defendant’s remaining contentions are without merit.
 

 Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.