People v Ross (2018 NY Slip Op 05610)





People v Ross


2018 NY Slip Op 05610


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-00908
 (Ind. No. 2527/14)

[*1]The People of the State of New York, respondent,
v
Allen Ross, appellant.


Paul Skip Laisure, New York, NY (Samuel Brown and Leila Hull of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Sullivan & Cromwell LLP [James Concannon], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Firetog, J.), rendered January 14, 2016, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of 20 years to life imprisonment on his conviction of murder in the second degree and a determinate term of imprisonment of 10 years, plus 5 years of postrelease supervision, on his conviction of criminal possession of a weapon in the second degree, with the sentences to run consecutively to each other.
ORDERED that the judgment is modified, on the law, by providing that the sentence imposed on the conviction of murder in the second degree shall run concurrently with the sentence imposed on the conviction of criminal possession of a weapon in the second degree; as so modified, the judgment is affirmed.
Following a trial, the jury found the defendant guilty of murder in the second degree, rejecting his defense of justification, and guilty of criminal possession of a weapon in the second degree. The court imposed sentences on these convictions to run consecutively to each other. The defendant appeals.
The defendant's contention that the evidence was legally insufficient to disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (see Penal Law § 35.15; People v Hansen, 153 AD3d 1431, 1432). Moreover, upon our independent review of the evidence pursuant to CPL 470.15(5), we are satisfied that the jury's rejection of the justification defense and the verdict of guilt on the count of murder in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
However, we agree with the defendant that the sentence imposed on the conviction of criminal possession of a weapon in the second degree should not run consecutively to the sentence [*2]imposed on the conviction of murder in the second degree. "No evidence was adduced at trial to establish that the defendant's possession of a gun was separate and distinct from his shooting of the victim" (People v Harris, 115 AD3d 761, 763; see People v Sanchez, 31 NY3d 949). Accordingly, the terms of imprisonment imposed on the defendant's convictions of murder in the second degree and criminal possession of a weapon in the second degree must run concurrently (see People v Michel, 144 AD3d 948, 949; People v Harris, 115 AD3d at 763; cf. People v Fabers, 133 AD3d 616, 618).
The defendant's remaining contention is without merit.
DILLON, J.P., LEVENTHAL, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court