People v Hassell (2019 NY Slip Op 06619)





People v Hassell


2019 NY Slip Op 06619


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-12836
 (Ind. No. 1201/15)

[*1]The People of the State of New York, respondent,
v
Donovan Hassell, appellant.


Martin Geoffrey Goldberg, Franklin Square, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Jared A. Chester and Amanda Manning of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), rendered October 31, 2017, convicting him of robbery in the first degree, robbery in the third degree, and grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Alan L. Honorof, J.), of the suppression of identification testimony.
ORDERED that the judgment is affirmed.
During the course of a suppression hearing, the prosecutor orally moved to amend the CPL 710.30(1)(b) notice to correct the location of the police station where a photographic identification occurred. The application was granted, and the suppression of identification testimony was denied. On appeal, the defendant contends that the CPL 710.30(1)(b) notice was defective.
"By pleading guilty, a defendant forfeits his [or her] right to seek reversal of his [or her] conviction on the ground that identification testimony or evidence of prior statements is inadmissible because the prosecution failed to provide the required notice of intention to offer such evidence at trial" (People v Taylor, 65 NY2d 1, 3; see People v Sirico, 135 AD3d 19, 24). While CPL 710.70(2) provides that a defendant may seek appellate review of a determination denying the suppression of identification evidence even where the defendant has pleaded guilty, neither this provision, nor any other, permits appellate review of the denial of an application to preclude identification evidence on the ground that the notice pursuant to CPL 710.30(1)(b) was defective (see CPL 710.70[2]; People v Taylor, 65 NY2d at 3-6; People v King, 110 AD3d 1005).
BALKIN, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court